JOHN S. RIDDLE, Appellant, v. ED MOFFITT, Respondent.

Kansas City Court of Appeals, November 6, 1911.

1. ASSAULT AND BATTERY: Self-Defense: Onus. In an action for assault and battery, where the defense is *son assault demesne*, the plaintiff, to prove his case, does not need to show that the assault was not in self-defense. The onus is upon the defendant to prove that it was in self-defense, unless it should appear in the evidence in plaintiff's behalf.

2. ———: ———: Sudden Passion: Malice. In an action for assault and battery, sudden passion does not relieve the assault of malice.

3. ———: ———: ———: Exemplary Damages: Inference. Exemplary damages may be allowed and malice may be inferred from an unjustifiable assault and battery.

Appeal from Sullivan Circuit Court.—*Hon. Fred Lamb,* Judge.

REVERSED AND REMANDED.

*J. M. Wattenbarger, John W. Clapp* and *Calfee & Painter* for appellant.

*John W. Bingham, Earl F. Nelson* and *John P. Butler* for respondent.

ELLISON, J.—Plaintiff's action is for damages resulting from an assault and battery by defendant. The judgment in the trial court was for the defendant.

The record recites that evidence was introduced by plaintiff tending to prove the assault and battery as charged. It further shows that *son assault demesne* was the defense. It was declared by instructions one and seven for defendant that the burden of proof was on the plaintiff to show that the assault upon him was not made by defendant in self-defense. This was error. The justification for assault and battery must be shown by the defendant who pleads it, unless it appears in the evidence for plaintiff. The ground upon which this statement of law is based is fully stated in Morgan v. Mulhall, 214 Mo. 451, 459, and Orscheln v. Scott, 90 Mo. App. 352, 366.

The following instruction was improperly given for the defendant:

"If the jury find from the evidence that as the result of passion, suddenly arising, defendant and plaintiff had a difficulty in which plaintiff sustained the injury or some of the injuries of which he complains, yet the court instructs the jury that any assault upon the plaintiff, whether in self-defense or not, was not malicious as meant by these instructions and there could be no finding on account of the punitive damages claimed in the petition."

If the assault was unjustifiable, the mere fact that it resulted from sudden passion does not take malice out of the case. Proof of an assault which is unjustifiable, is proof of malice, that is, as more frequently expressed, the law implies malice. And exemplary damages can be based on such character of malice. [Callahan v. Ingram, 122 Mo. 355; Anderson v. Shockley (decided this term)].

It would be better to amend instruction four for defendant, by adding the words "not in self-defense," after "threatening attitude," in the fifth line.

Defendant's other instructions given, fully cover his case. Instructions for plaintiff are not discussed by counsel, and we discover no objection to them. The judgment is reversed and cause remanded. All concur.